IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-117 |
| | ) | |
| SCOTT WILKES, Deputy Warden, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The claims in Plaintiff's complaint concern his attempts to obtain a one-man cell in protective custody at ASMP. (See doc. no. 6.) Because Plaintiff has not yet returned his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form as required, the Court has not yet screened Plaintiff's complaint pursuant to the IFP statute to determine which, if any, claims are viable and whether Defendant should be served with a copy of the complaint. See 28 U.S.C. § 1915A. The matter is presently before the Court on Plaintiff's two motions for preliminary injunction.[1] (Doc. nos. 1, 5.) The Court requested a response from Dennis Brown, the Warden at ASMP, which he

---

[1] Both of these motions concern Plaintiff's attempts to obtain a one-man cell in protective custody at ASMP, and both motions request preliminary injunctive relief regarding this issue. (See generally doc. nos. 1, 5.) In his motions, Plaintiff also makes reference to documents that he filed with his complaint. (Doc. no. 6, pp. 9-17.) Accordingly, the Court will consider both motions for injunction, along with the documents cited in his complaint, in determining whether Plaintiff is entitled to preliminary injunctive relief.

provided; in the response, Defendant Wilkes also appears specially to address Plaintiff's allegations in a sworn affidavit. (Doc. nos. 10, 10-1, 10-2.) Despite the fact that Plaintiff's complaint has not yet been screened, the Court finds it appropriate to rule on his motions for preliminary injunctive relief without further delay.

I. **BACKGROUND**

In the instant motions, Plaintiff asserts that it is a "well-documented fact" that he is the "second highest ranking member of the Aryan Brotherhood in the Georgia Prison System." (Doc. no. 5, p. 1.) He alleges that on or around July 15, 2011, he was approached by two members of a rival gang, who informed him that they had learned of his gang affiliation and ranking and that Plaintiff had 24 hours to "get out of open population," or he would be killed. (Doc. no. 1, pp. 1-2; doc. no. 5, p. 2.) Plaintiff states that he then approached the Unit Manager, who called Defendant Wilkes to verify Plaintiff's gang affiliation and standing. (Doc. no. 1, p. 2; doc. no. 5, pp. 2-3.) Plaintiff states that at the time, both the Unit Manager and Defendant Wilkes agreed that he should be placed in protective custody; yet Defendant Wilkes changed Plaintiff's status from "protective custody" to "welfare of the institution," and placed him in a two-man cell without his consent. (Doc. no. 5, p. 3; doc. no. 6, p. 14.)

Plaintiff states that he then filed an informal grievance requesting a one-man cell in protective custody, but the informal grievance was rejected as a non-grievable issue. (Id.; doc. no. 6, pp. 9-10.) Plaintiff states that he also wrote several letters "to Personnel" informing them of his situation and desire for a one-man cell. (Doc. no. 5, pp. 3-4; doc. no. 6, pp. 13, 15-17.) Plaintiff seeks an injunction ordering that he be housed at a prison that can provide him with a "'long term' one man cell to ensure [his] safety." (Doc. no. 5, p. 4.)

In his response to the motion, Defendant Wilkes argues that Plaintiff's motion should

be denied. (Doc. no. 10.) Defendant Wilkes avers that at no time did Plaintiff inform him of his gang ranking, and states that despite numerous instances of contact with prison officials in which Plaintiff could have requested protective custody, he did not do so. (Doc. no. 10-2, Wilkes Aff., ¶¶ 5, 11-12, 15, 17.) He further avers that Plaintiff has been oriented to prison policies – which require that a request for protective custody be in writing and explain the need for protective custody – yet there is no written statement in Plaintiff's record showing that he asked for protective custody. (Id. ¶¶ 16, 18, 23.) Defendant Wilkes avers that Plaintiff was placed in Administrative Segregation on July 15, 2011, for the welfare of the institution, pending an evaluation for protective custody. (Id. ¶¶ 13-14.) However, Defendant Wilkes avers that Plaintiff refused to speak with the Hearing Committee during the ensuing Segregation hearing on August 30, 2011. (Id. ¶ 15.) With regard to the denial of Plaintiff's informal grievances, Defendant Wilkes avers that the informal grievance process may not be used to address involuntary assignments to Administrative Segregation, which must be appealed using a separate process. (Id. ¶¶ 19-22.)

II. DISCUSSION

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All

3

Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. As to the merits of his claim, Plaintiff does not cite, and the Court is not aware of, any viable legal or statutory justification for his position that he is entitled to an individual cell. Moreover, although Plaintiff requests the Court to order his transfer to a prison that can provide him with a long-term, one-man cell, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224 (1976). Thus, Plaintiff has no right to be housed in such a facility.

The Court is mindful that a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). Here, however, Plaintiff has failed to establish that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d

§ 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat of irreparable injury . . . is an adequate basis.*" Id.

While Plaintiff alleges that his life was threatened on July 15, 2011, the record reflects that he was promptly placed in Administrative Segregation. (Doc. no. 6, p. 14; Wilkes Aff., ¶ 13.) Although it is clear that Plaintiff is dissatisfied with his placement in Administrative Segregation, he has not provided the Court with specific facts demonstrating how his current state of confinement has actually threatened his security. It is true that prison officials have a duty to provide reasonable protection where they are aware of a danger to an inmate's safety. See Gullatte, 654 F.2d at 1012. Here, however, Plaintiff has not shown that being placed in Administrative Segregation was unreasonable. Furthermore, Plaintiff has not alleged, and the Court has no reason to presume, that a transfer to another prison – even one that can provide him with an individual cell – will guarantee his safety given his gang affiliation and status. As such, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has offered nothing to suggest that any threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party or that the proposed injunction would not be adverse to the public interest. He has therefore failed to satisfy these elements, especially since federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction.

III. CONCLUSION

For these reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions

for a preliminary injunction be **DENIED**. (Doc. nos. 1, 5.)

SO REPORTED and RECOMMENDED this 18th day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE