FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 DEC 13 AM 9:11
CLERK L. Feltsden
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-117 |
| | ) | |
| SCOTT WILKES, Deputy Warden, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Plaintiff names Scott Wilkes, the Deputy Warden of Care and Treatment at ASMP, as the sole Defendant in this action. (Doc. no. 6, pp. 1, 4.) Plaintiff asserts that he is the "second highest ranking member of the Aryan Brotherhood." (Id. at 5.) He alleges that on July 15, 2011, he was approached by two members of a rival gang, who informed him that they had learned of his gang affiliation and ranking and that Plaintiff had to "get out of open

population," or he would be killed. (Id.) Plaintiff states that he then approached the Unit Manager, who called Defendant Wilkes to verify Plaintiff's gang affiliation and standing. (Id.) Plaintiff states that upon confirmation from Defendant Wilkes as to his gang status, he was subsequently placed in a segregation cell, although Plaintiff had "filled out an affidavit requesting to be placed into a one man protective custody cell because [he] feared for [his] life." (Id. at 5-6.) Plaintiff states that he sent this affidavit to Defendant Wilkes, as well as to other prison officials. (Id.)

Next, Plaintiff asserts that he submitted an informal grievance, again informing Defendant Wilkes that he was in fear of his life and requesting to be placed in protective custody; however, this was denied as a non-grievable issue. (Id. at 6.) Plaintiff further asserts that he then filed a grievance complaining of Defendant Wilkes' "deliberate indifference," which was also rejected as a non-grievable issue. (Id.) Plaintiff contends that after the denial of his informal grievance of "deliberate indifference," Defendant Wilkes denied his request for a formal grievance, which he argues violates his right to due process. (Id. at 6-7.) Plaintiff seeks injunctive and monetary relief and asks specifically that he be housed in a one-man cell in protective custody and that he be allowed to use "the grievance procedure from start to finish." (Id. at 7-8.)

## II. DISCUSSION

Plaintiff's claim that Defendant Wilkes violated his right to due process by denying him a formal grievance fails to state a claim upon which relief can be granted. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding the denial of his request for a formal

grievance fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983). Therefore, Plaintiff's claim concerning the alleged denial of his request for a formal grievance fails to state a claim upon which relief may be granted and should be dismissed.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim that Defendant Wilkes violated his due process rights in denying him a formal grievance be **DISMISSED** for failure to state a claim upon which relief can be granted.[1]

SO REPORTED and RECOMMENDED this 13th day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Wilkes based on Plaintiff's Eighth Amendment deliberate indifference to safety claim.

3